UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GRACE COMMERCIAL PROPERTIES L L C** | **CASE NO. 2:21-CV-03648** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COLONY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Remand [doc. 4] filed by plaintiff Grace Commercial Properties LLC. Defendant Colony Specialty Insurance Company opposes the motion. Doc. 10.

### I.
#### BACKGROUND

This suit arises from damage inflicted by Hurricane Laura, which struck Southwest Louisiana on August 27, 2020. Plaintiff, a Louisiana limited liability corporation, owns several commercial properties in the region insured under a policy issued by defendant, a corporation organized under the laws of Ohio and maintaining its principal place of business in Virginia. Relevant to this case, one of plaintiff's properties is located at 1707 Tallowood Drive in Lake Charles, Louisiana, and received damage in the storm. *See* doc. 1; doc. 1, att. 1. Plaintiff filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on August 24, 2021, alleging that the property at Tallowood Avenue had sustained wind damage and that defendant had failed to issue payment after satisfactory proof of loss. Doc. 1, att. 1. Accordingly, it maintained, defendant was liable for breach of

insurance contract as well as attorney fees and penalties under Louisiana Revised Statutes 22:1892 and 1973. *Id.*

Around the same time, plaintiff filed suits in Lake Charles City Court and in the Fourteenth Judicial District over claims disputes arising from other properties insured under the policy. Defendant then removed this suit and the others to federal court. It asserts that all claims based on properties insured under this policy and damaged in Hurricane Laura should be brought within the same lawsuit, and that the aggregate amount in controversy from such a suit satisfies the amount in controversy requirement for the court's diversity jurisdiction under 28 U.S.C. § 1332. Alternatively, defendant argues that the amount in controversy exceeds the jurisdiction threshold as to this case alone.

## II.
## LAW & APPLICATION

### A. Motion to Remand

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. However, the removing party bears the burden of showing that this jurisdiction exists and that removal was procedurally correct. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In making its determination the court considers the claims as they existed at the time of

removal and construes ambiguities in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" If the amount in controversy is not readily apparent from the complaint, then the court looks to summary judgment evidence to determine if the requirement was satisfied at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If a state statute provides for attorney's fees, those fees are included in the amount in controversy. *Manguno*, 276 F.3d at 723.

Defendant maintains that the $75,000 threshold is met either by aggregating the claims in this matter with others in removed cases arising from properties insured under the same policy. The law provides for the aggregation of a single plaintiff's claims against a single defendant to determine the amount in controversy. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Even where the claims are originally brought in separate state court suits, courts have aggregated the claims on consideration of a motion to remand under certain circumstances when the suits were consolidated in the state courts. *See Aldajuste v. GeoVera Spec. Ins. Co.*, 2021 WL 2253606, at *4–*5 (M.D. Fla. Jun. 3, 2021) (collecting cases). As outlined in the previous remand opinions, the undersigned does not agree that claims can be aggregated between suits that were separate at the time of removal for the purpose of determining whether the amount in controversy requirement is met. This argument for creating subject matter jurisdiction between the suits fails.

Defendant also contends that, based on the policy limits applicable to the Tallowood Drive property as well as the difference in the parties' damage estimates and the possibility of bad faith penalties and attorney fees, the amount in controversy is satisfied based on this case alone. As with the other cases, the court does not view the amount in controversy as satisfied based on the allegations and policy limits.

Under Louisiana Revised Statute 22:1973, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. However, a plaintiff must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170–71 (La. 2011). Under Louisiana Revised Statute 22:1892, the penalty is an additional fifty percent of the amount due under the policy or $1,000, whichever is greater. A plaintiff can only recover penalties under one of these statutes, but may recover attorney fees under § 22:1892 even if he receives punitive damages under § 22:1973. *Kodrin v. State Farm Fire & Cas. Co.*, F.App'x 671, 678–79 (5th Cir. 2009).

Here the difference between the estimates is only $26,622.75. *See* doc. 10, atts. 2 & 3. There is no indication of the damages resulting from any failure to pay. Assuming that plaintiff recovered a fifty percent penalty under § 22:1892, the imposition of attorney fees on top of that amount is still unlikely to bring the amount in controversy above $75,000. Accordingly, there is no diversity jurisdiction over this suit.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Remand [doc. 4] be **GRANTED** and that this matter be remanded to the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

**THUS DONE AND SIGNED** in Chambers on this 15th day of November, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**